# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RULAN SEMENOV,

    Petitioner,

    v.                                                                  No. 1:26-cv-01748-SMD-KK

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Doc. 2.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner Rulan Semenov, a citizen of Russia, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Torrance County Detention Center in Estancia, New Mexico.  Doc. 2 ¶ 1.  Petitioner first entered the United States in 2022 and presented himself at the San Ysidro Port of Entry in California.  *Id.* ¶ 17.  Petitioner filed for asylum in 2023.  *Id.*  Petitioner initially settled in Washington, later moving to Minnesota, and obtained a valid work permit.  *Id.* ¶ 18.  Petitioner works as a long-haul truck driver.  *Id.*

On January 12, 2026, ICE agents arrested Petitioner, seemingly without any warrant, at his regularly scheduled immigration check-in.  *Id.* ¶¶ 20–22.  Petitioner was first held in Minnesota, quickly moved to El Paso, Texas, and transferred to New Mexico on May 1, 2026.  *Id.* ¶¶ 25–37. Petitioner has no known criminal history and has attended every hearing, as well as complied with

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.  All future filings should be in the name of the substituted party.

all reporting requirements, during the pendency of his asylum application.  *Id.* ¶ 43–44.  Petitioner

does not have a final order of removal.  *Id.* ¶ 21, 42.  Petitioner alleges that his continued detention

violates, inter alia, his Fifth Amendment Due Process Rights.  *Id.* ¶¶ 60–72.  Respondents do not

dispute any of the above-stated facts.  Doc. 6.

### DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  A district court may grant

a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the

Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

I.       Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of

removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018).  Section 1225(b) "applies

primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission."

*Id.* at 297.  Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer

determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be

admitted."  Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the

United States."  *Jennings*, 583 U.S. at 303.  Under § 1226(a), a noncitizen "may be arrested and

detained pending a decision on whether the [noncitizen] is to be removed from the United States."

Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond

hearings.  *Id.* at 306.

Respondents take the position that Petitioner is properly detained under § 1225(b)(2) as an

"applicant for admission."  Doc. 6 at 2.  However, they concede that if this Court applies its

reasoning articulated in *Martin Ramirez v. Noem*, No. 2:26-cv-00063 (D.N.M. Feb. 11, 2026), Petitioner would be subject to § 1226 and mandatory detention would not be warranted. *Id.*

The Tenth Circuit agreed with the Court's historic understanding of §§ 1225 and 1226, stated in *Martin Ramirez*, in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247. Following *Santillan Quiroz*, Respondents' argument in favor of applying § 1225 to the present case has no merit.

II.     The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.

*Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018). Petitioner has been continuously detained for nearly eight months.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. There is no evidence that Petitioner is a flight risk, a threat to the community, or that the Government has any interest whatsoever in his ongoing detention. The record shows that Petitioner has dutifully observed all immigration requirements while residing in the United States. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

4

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within **48 hours** of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility, by coordinating with his counsel and providing all necessary identity and travel documents to return him to his primary address in Minnesota;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**